# SUCESION DE LOS REYES CORREA

*v.*

# BRUNER, SUPERINTENDENT.

---

San Juan, Law, No. 1472.

SUIT AGAINST THE GOVERNMENT.

Brief—Evidence.

 1. Evidence cannot be made a part of a brief for the first time.

United States—Suability.

 2. The United States can be sued outside of the court of claims only in cases not exceeding $10,000.

United States—Agents.

 3. If a person is in possession as agent of the United States, and is sued, the point may be raised that the suit is against the United States.

United States—Suit for Property.

 4. For purposes of jurisdiction there is a distinction between suits against the government and suits against its property; but if the defendant is alleged to be a trespasser, he is not to be presumed to act as representing the government.

United States—Jurisdiction.

 5. If the suit is so framed as to be against the government, or against the agent of the government as such, and exceeds in value $10,000, it must be brought in the court of claims.

Opinion filed April 22, 1921.

Sucesion de los Reyes Correa v. Bruner.

*Mr. Willis Sweet* and *Mr. John L. Gay* for plaintiff.

*Mr. Miles M. Martin, District Attorney,* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case comes up on a motion to dismiss filed by the United States District Attorney upon a special appearance for that purpose. The ground is that the complaint shows the defendant has no interest in the suit and that it is really one against the United States, which has not consented to be sued.

The complaint in this case is in ejectment, showing that certain lands described, containing 6085 and 531/1000 cuerdas, in the district of Luquillo, were on or prior to January 17, 1903, in the possession and ownership of the plaintiff, and that on or about that date the defendant entered thereon, under and by virtue of a proclamation issued by the President of the United States, and as superintendent of the Forest Reserve of the United States in Porto Rico the defendant has exercised dominion over said land, which is of the approximate value of .$100,000. The complaint goes on to say that the proclamation was based upon a grant by the legislature without consideration to the succession and made under the erroneous belief that said land was a part of the public domain of Porto Rico.

1. Defendant annexes to its brief a copy of the proclamation of President Roosevelt, establishing the Luquillo Forest Reserve. It may be doubted whether the court can take cognizance of this instrument, which is otherwise properly certified. Evidential papers cannot be made a part of a brief, nor has the court judicial knowledge of proclamations even by the Presi-

Sucesion de los Reyes Correa v. Bruner.

dent, unless they are in some way put in evidence. This case has not reached the stage of evidence. Nevertheless, the complaint seems to show the same thing by stating that the defendant is in possession as United States superintendent of a Forest Reserve.

2. There is no doubt that the government itself cannot generally be sued outside of the court of claims. Judicial Code, § 24, ¶ 20. The suit at bar exceeds $10,000, and therefore this court has not concurrent jurisdiction with the court of claims in this matter.

3. Apart from this technical point, the question would arise whether this suit is against the defendant or against the United States. There is no doubt that a government cannot be sued without its consent. This has been the English and American doctrine from the time of Edward I. There is no consent in the case at bar. It is not always clear, however, whether a suit is against the government or against an individual. The line of distinction is not so clear as it might be. A government is practically sued when an officer of the government exercising the duties of his office is sued as such. The leading case is possibly United States v. Lee, 106 U. S. 196, 27 L. ed. 171, 1 Sup. Ct. Rep. 240, where the heirs of General Robert E. Lee sued to recover possession of Arlington, the home of their mother, which had been seized by the Federal government during the Civil War and converted into a national cemetery. The United States cannot be sued, but this doctrine has no application to Federal agents holding property for public uses when sued by one claiming to be the owner. In such case the lawfulness of, that possession may be the subject-matter of inquiry. The Lee action was actually commenced against Kaufman and

Sucesion de los Reyes Correa v. Bruner.

Strong in a circuit court at Alexandria, in Virginia, and removed to the circuit court of the United States. The suit did not show that Kaufman and Strong represented the government, and they were not permitted to make that suggestion. The claim of the government was actually under a tax title. Nevertheless, there is no question that "no man in this country is so high that he is above the law." S. C. 106 U. S. 220. The theory in the Lee Case was that the defendants were sued, not as officers of the government, but as individuals. True the defendants could go on and show that they were in point of fact acting as agents of the government and that therefore the government was virtually the true defendant. In the Lee Case the court below and above held that the title did not properly get into the United States and therefore the government could not be said to be a party. Stanley v. Schwalby, 147 U. S. 518, 37 L. ed. 263, 13 Sup. Ct. Rep. 418.

4. For purposes of jurisdiction there is no distinction between suits against the government directly and suits against its property. In the case at bar the complaint directly alleges that the property is held by the defendant as an officer of the United States. It is not alleged, as in the Lee Case, that he holds as a trespasser. It may be of course that the United States is not properly in possession, that there is some defect in its title; but nevertheless the way the complaint is drawn it is the United States that is the trespasser, and therefore the way the complaint is drawn makes the suit one against the United States. Whether it could have been so stated as to bring the matter within the Lee Case need not be inquired. It is not so expressed. There is sometimes a technical question as to the mode of expression. A defendant may be sued with certain

words added which are merely descriptio personæ; but this is not true in the case at bar. The complaint distinctly says that the "defendant entered into possession of said land . . . under and by virtue of a proclamation issued by the President of the United States . . . and as superintendent of the United States Forest Reserve in Porto Rico has exercised dominion over said land." So far from "superintendent" being a descriptio personæ it is distinctly given as the way in which the defendant possesses the land. The suit is not against Bruner, superintendent of the Forest Reserve, but against Bruner "as superintendent of the United States Forest Reserve." It would be disregarding the wording of the complaint itself to give it any other meaning than that he is in possession for the United States alone. The Lee Case showed no such identification of the defendants and the United States.

5. It is objected that the matter is already res judicata in this court the other way, that is, that in Compañia de los Ferrocarriles v. Rohrer this court sustained a suit against Army and Navy officers in possession of portions of certain land in controversy. In that case also the United States attorney appeared for the defendants, and first by demurrer and afterwards by answer he set up that the defendants were in possession of the land as agents and representatives of the United States. This answer was demurred to, and the court sustained the demurrer. Obviously, the intention of the court was to follow the case of United States v. Lee; Compañia de los Ferrocarriles v. Rohrer, 3 Porto Rico Fed. Rep. 123. That decision was perfectly correct. The defendants were sued as individuals, and the United States endeavored to intervene and show that the defendants held for the government. Apart from the question how the

Sucesion de los Reyes Correa v. Bruner.

United States could intervene in a private suit, the pleadings show that the suit was by one individual against another individual and therefore strictly within the principle of the Lee Case. Even if the United States had been permitted to defend, that would simply be raising a governmental issue in case of individuals, and that issue like all others would have to be tried out by a jury.

In the case at bar, however, there is no such issue. The plaintiffs admit in their very complaint that the defendants are in possession as agents of the United States, in other words, that the United States are in possession. The issue, therefore, does not exist as to whether the defendant represents the United States or not. That fact is in the complaint and so there is no issue on the point. The only question is how and where the suit can be brought against the United States. As to this the law above quoted is plain. It can be entertained in the United States district court only where the amount in question is below $10,000, which is not this case.

It is to be clearly understood that there is no point in the case at bar as to plaintiff's not having a right to try an issue with the government. If the government unlawfully retains any land belonging to the plaintiff, that can by law be tried out in the court of claims at Washington. The government merely has seen fit to provide that suits against it must be brought at the seat of government instead of where the land lies. It does not result at all from this decision that the government cannot be sued, that officers of the government can unlawfully withhold for the government anything that really belongs to a citizen. Such is not the American policy. Not only is no man above the law, but a distinct method of suit is declared by law to meet

such cases. The only point is that if the complaint is so framed as to be against the government, as seems to be true in this case, the suit cannot be brought in a district court, but must be brought in a court of claims.

Whether the complaint can be amended so as to meet this point is not decided, but eight days will be allowed for an amendment if possible.

It follows that the motion to dismiss is granted with eight days to the plaintiff to amend if he sees proper.

It is so ordered.